UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GREGORY BLAZ,**

                Plaintiff,        Case No.

**v.**

                                  Hon.

**AL BASIT LIMITED LIABILITY
COMPANY,** d/b/a
**AUTO PRO DIAGNOSTIC
AND COMPLETE AUTO REPAIR,
AL GHANI LIMITED LIABILITY
COMPANY,** d/b/a
**AUTO PRO TROY DIAGNOSTIC
AND COMPLETE AUTO REPAIR,
ZAIN SYED,** and **ZOHAIB SYED,**

                Defendants.

---

**GOLD STAR LAW, P.C.**
**Caitlin E. Malhiot (P76606)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

---

## **COMPLAINT**

Plaintiff, Gregory Blaz, through his attorneys, Gold Star Law, P.C., for his

Complaint states:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Gregory Blaz, is an individual who resides in Detroit, Michigan.

2. Defendant Al Basit Limited Liability Company, d/b/a "Auto Pro Diagnostic and Complete Auto Repair," ("Al Basit") is a Michigan limited liability company with its place of business in Warren, Michigan.

3. Defendant Al Ghani Limited Liability Company, d/b/a "Auto Pro Troy Diagnostic and Complete Auto Repair," ("Al Ghani") is a Michigan limited liability company with its place of business in Troy, Michigan.

4. Defendant Zain Syed is an individual regularly conducting business in Warren and Troy, Michigan.

5. Defendant Zohaib Syed is an individual regularly conducting business in Warren and Troy, Michigan.

6. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, et seq., and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

7. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

8. Defendant Al Basit owns and operates an auto repair shop in Warren, Michigan.

9. Defendant Al Ghani owns and operates an auto repair shop in Warren, Michigan.

10. Defendant Zohaib Syed is the resident agent, president, and sole member of Al Basit. Zohaib Syed is involved in managing Al Basit's business operations and setting its compensation policies. Zohaib Syed is also involved in managing Al Ghani's business operations and setting its compensation policies.

11. Defendant Zain Syed is the resident agent, president, and sole member of Al Ghani. Zain Syed is involved in managing Al Ghani's business operations and setting its compensation policies. Zain Syed is also involved in managing Al Basit's business operations and setting its compensation policies.

12. Al Basit and Al Ghani (collectively "Defendant Companies") both operate "Auto Pro" automotive repair facilities, and therefore are engaged in related activities. Furthermore, Defendant Companies are under common control because both Zohaib Syed and Zain Syed actively manage the entities. As such, Defendant Companies have a common business purpose.

13. Defendants employed Plaintiff as a mechanic from approximately December 18, 2011 until October 8, 2015. Plaintiff worked at Al Basit's and Al

Ghani's repair shops in Warren and Troy during the course of his employment with Defendants.

14. Plaintiff's primary job duty was to perform mechanical work on automobiles. Plaintiff handled tools and materials that were produced outside the state of Michigan while performing his work. Plaintiff also worked on automobiles, which subsequently moved in interstate.

15. From approximately December 18, 2011 until the fall of 2014, Plaintiff worked a minimum of approximately 72 hours per week on average, and often worked more than 72 hours per week.

16. From the fall of 2014 until the end of Plaintiff's employment on October 8, 2015, Plaintiff worked approximately 65 hours per week.

17. Plaintiff was compensated at a flat rate of $635 per week, regardless of the number of hours he worked.

18. Defendants were required to compensate Plaintiff at 1 ½ times Plaintiff's rate of pay for hours worked in excess of 40 hours per week.

19. Defendants never compensated Plaintiff at 1 ½ times Plaintiff's rate of pay for hours worked in excess of 40 hours per week.

20. Defendants did not compensate Plaintiff for any hours worked in excess of 40 per week.

21. Plaintiff was not, at any time during his employment, exempt from the overtime pay requirements of the FLSA.

22. All hours worked by Plaintiff, including overtime hours, were worked at the direction and with the sufferance of Defendants.

23. Defendants' failure to pay overtime in violation of the FLSA was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

## CAUSE OF ACTION
## VIOALTION OF THE FAIR LABOR STANDARDS ACT OF 1938

24. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

25. Defendants are "employers" within the coverage of the FLSA.  29 U.S.C. 203(d).

26. Plaintiff is an "employee" within with coverage of the FLSA. 29 U.S.C. 203(e).

27. Plaintiff is an "employee" engaged in "commerce" as defined by the FLSA.  29 USC § 203(b).

28. Defendant Companies are an "enterprise" as defined by the FLSA because Defendant Companies' business activities are related, the activities are performed under a unified operation and common control, and the activities are performed for a common business purpose.  29 U.S.C. 203(r).

29. Defendants are an "enterprise engaged in commerce" as defined by the FLSA and have revenues in excess of $500,000 per year. 29 U.S.C. § 203(s).

30. Defendants were joint employers of Plaintiff as defined in the Department of Labor FLSA regulations. 29 CFR 791.2.

31. Pursuant to Section 207 of the FLSA, Defendants were required to pay Plaintiff 1 ½ times his regular hourly rate of pay for all hours worked in excess of 40 per week.

32. Defendants violated Section 207 of the FLSA by failing to pay Plaintiff 1 ½ times his regular hourly rate of pay, for all hour worked in excess of 40 per week.

33. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for unpaid overtime compensation, plus an additional equal amount as liquidated damages, together with a reasonable attorney's fee and costs of the action.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, in an amount to be determined at trial, together with his costs and reasonable attorney fees incurred herein, and such other relief as this Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

*/s/ Caitlin E. Malhiot*
**Caitlin E. Malhiot (P76606)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

Dated: October 21, 2015